# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | Honorable Tonianne J. Bongiovanni |
| v. | Mag. No. 17-5008 (TJB) |
| RACHEL SOROTZKIN and MORDECHAI SOROTZKIN | **CRIMINAL COMPLAINT** |

     I, Michael Farina, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

### SEE ATTACHMENT A

     I further state that I am a Special Agent with the Federal Bureau of Investigation, and that this Complaint is based on the following facts:

### SEE ATTACHMENT B

continued on the attached pages and made a part hereof.

**RECEIVED**

**JUN 2 3 2017**

AT 8:30_____M
WILLIAM T. WALSH
CLERK

_____
Michael Farina, Special Agent
Federal Bureau of Investigation

Sworn to before me and subscribed in my presence,

June 23, 2017                    at    Trenton, New Jersey
Date                                     City and State

Honorable Lois H. Goodman
United States Magistrate Judge          _____
Name and Title of Judicial Officer       Signature of Judicial Officer

## ATTACHMENT A

From at least as early as April 4, 2011, through on or about July 17, 2014, in Ocean County, in the District of New Jersey, and elsewhere, the defendants,

RACHEL SOROTZKIN and
MORDECHAI SOROTZKIN,

did knowingly and intentionally conspire with each other to commit an offense against the United States, namely, theft of government funds, by knowingly and willfully embezzling, stealing, purloining, and converting to their own use money and a thing of value of the United States and a department and agency thereof, namely, the Department of Health and Human services, the value of which exceeded $1,000, contrary to Title 18, United States Code, Section 641.

In violation of Title 18, United States Code, Section 371.

2

**ATTACHMENT B**

I, Michael Farina, am a Special Agent with the Federal Bureau of Investigation ("FBI"). I have knowledge of the facts set forth below as a result of my participation in this investigation as well as from my review of reports from, and discussions with, other law enforcement personnel. Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged. The conversations described within are partial, non-verbatim summaries, and are related in substance and in part.

**General Background – the Defendants and the Federal Programs**

1. RACHEL SORTOZKIN and MORDECHAI SOROTZKIN are a married couple residing in Lakewood, a municipality located in Ocean County, New Jersey.

2. Medicaid is a jointly funded, federal-state health insurance program that provides certain health benefits to the disabled and individuals and families with low incomes and resources. Medicaid was created in 1965, through Title XIX of the Social Security Act. *See* Title 42, United States Code, Section 1396 *et seq*. In New Jersey, Medicaid is administered by the New Jersey Department of Human Services.

3. The federal Centers for Medicare and Medicaid Services, previously known as the Health Care Financing Administration, monitors the state-run Medicaid programs and establishes requirements for service delivery, quality, funding, and eligibility standards. Centers for Medicare and Medicaid Services is a federal agency within the United States Department of Health and Human Services.

4. In New Jersey, a private, third-party administrator receives and processes bills from Medicaid providers, and, at other times, from managed care organizations. The money to pay for such medical services originates from and belongs to the State of New Jersey and the Federal Government. The Federal Government provides matching funds to the State of New Jersey through the United States Department of Health and Human Services.

5. Whether a person is entitled to Medicaid benefits, and, if entitled, the amount to which that person is entitled, is based, in part, on reported household income and size. That information is compared to Medicaid eligibility guidelines, which are established by the State and tied to the federal poverty level. These guidelines are published to the general public at least once each year by the State. Individuals who make more than the income limit for their reported household size are not eligible for Medicaid benefits.

3

6.   In New Jersey, the Division of Medical Assistance & Health Services administers the
state and federally funded Medicaid program known as NJ FamilyCare.

7.   Individuals apply for Medicaid benefits, also known as NJ FamilyCare benefits, by
completing a paper and/or electronic NJ FamilyCare application at a county welfare
office or directly through the New Jersey Department of Human Services.  This
application requires the individual to truthfully and accurately disclose their income
information for all family members.

8.   By signing the NJ FamilyCare application, applicants certify that the information
provided in the application is true.  In addition, applicants attest that they have read and
understand the NJ FamilyCare program "Rights and Responsibilities", one of which is
that participants are required to notify NJ FamilyCare immediately upon any change in
family income.

### Object of the Conspiracy

9.   It was an object of the conspiracy for RACHEL SOROTZKIN and MORDECHAI
SOROTZKIN to fraudulently obtain Medicaid health benefits for themselves and their
minor children by:  (1) submitting a false NJ FamilyCare application to the state of New
Jersey in which total family income was underreported; (2) failing to notify the NJ
FamilyCare program upon the receipt of additional and significant income; and (3)
continuing to utilize the NJ FamilyCare program benefits when they clearly did not
qualify for the low-income health insurance program.

### Manner and Means of the Conspiracy

10.  In furtherance of the conspiracy and to effect the illegal objectives thereof RACHEL
SOROTZKIN and MORDECHAI  SOROTZKIN and caused to be committed the
following overt acts, among others, in the District of New Jersey and elsewhere:

a.  On or about April 4, 2011, RACHEL SOROTZKIN signed an NJ FamilyCare
application, in which she requested health insurance benefits for herself, her husband,
MORDECHAI SOROTZKIN, and their four children.  On the application, RACHEL
SOROTZKIN stated that she received approximately $1,333 in income every two
weeks, and that her husband MORDECHAI SOROTZKIN received a scholarship of
approximately $350 per month.  The application was sent via U.S. mail to the Ocean
County Board of Social Services which received it on or about May 9, 2011.

b.  On or about April 29, 2011, MORDECHAI SOROTZKIN visited the Ocean County
Board of Social Services office.  On or about the same date, MORDECHAI
SOROTZKIN signed and submitted a revised NJ FamilyCare application.  On the

application, MORDECHAI SOROTZKIN stated that his wife RACHEL SOROTZKIN received approximately $1,333 in income every two weeks and that he received a scholarship of approximately $347 per month.  MORDECHAI SOROTZKIN also stated on the application that RACHEL SOROTZKIN paid approximately $200 per month in childcare costs.

c.  On or about August 9, 2011, the Ocean County Board of Social Services sent correspondence to RACHEL SOROTZKIN via U.S. mail stating that her family was eligible for Medicaid health insurance benefits under the NJ FamilyCare program. The letter further advised RACHEL SOROTZKIN that, "Any changes in household income or living arrangements should be reported to our office without delay."

d.  On or about November 22, 2011, RACHEL SOROTZKIN became an authorized signatory for the business checking account for LLC 1, a for profit limited liability corporation doing business in Lakewood, New Jersey.

e.  On or about April 21, 2012, RACHEL SOROTZKIN signed and submitted a new NJ FamilyCare application, in which she requested health insurance benefits for herself, her husband, MORDECHAI SOROTZKIN, and their five children.  On the application, RACHEL SOROTZKIN stated that she received approximately $3,800 in income per month from her employer, LLC 1, and that her husband, MORDECHAI SOROTZKIN, received no income at all.  RACHEL SOROTZKIN also stated that she spent approximately $528 per month in childcare costs.  On the application, RACHEL SOROTZKIN failed to report her anticipated profits from LLC 1 for calendar year 2011.

f.  Specifically, as one of the two partners of LLC 1, RACHEL SOROTZKIN was entitled to approximately $46,824 in profits made by the business in calendar year 2011.  As of April 21, 2012, RACHEL SOROTZKIN had not yet received the approximately $46,824 distribution.  However, as detailed below, RACHEL SOROTZKIN continued to collect NJ FamilyCare benefits even after receiving this sizable distribution.

g.  The Ocean County Board of Social Services in Toms River, New Jersey, received RACHEL SOROTZKIN's April 21, 2012 NJ FamilyCare application – which fraudulently failed to list her anticipated profits of over $46,000 – via U.S. mail on or about May 14, 2012.

h.  On or about September 11, 2012, LLC 1 issued a check to RACHEL SOROTZKIN in the amount of approximately $46,824.  This payment was in addition to her regular

monthly paycheck. The large payment represented her partnership distribution from LLC 1 for tax year 2011.

i. On or about September 12, 2012, RACHEL SOROTZKIN used the distribution payment from LLC 1 to make an approximately $46,824 lump sum payment towards her mortgage on the residence she shared with MORDECHAI SOROTZKIN.

j. Following the receipt of this approximately $46,824, neither RACHEL SOROTZKIN nor MORDECHAI SOROTZKIN notified NJ FamilyCare of the increase in family income, and the family continued to use their Medicaid benefits. For example, during the month of October 2012, RACHEL SOROTZKIN, MORDECHAI SOROTZKIN and their minor children received medical services which were billed to the NJ FamilyCare program, and resulted in payments of Medicaid funds totaling approximately $2,057.

k. On or about March 6, 2013, the Ocean County Board of Social Services sent correspondence to RACHEL SOROTZKIN via U.S. mail stating that her family was eligible, again, for Medicaid health insurance benefits under the NJ FamilyCare program. The letter further advised RACHEL SOROTZKIN that, "Any changes in household income or living arrangements should be reported to our office without delay."

l. Approximately a month later, on or about April 15, 2013, RACHEL SOROTZKIN received a check from LLC 1 in the amount of $1,000,000. The large payment represented a portion of the partnership distribution of the 2012 profits for LLC 1. On or about the same date, RACHEL SOROTZKIN deposited the $1,000,000 check into a bank account held jointly with her husband MORDECHAI SOROTZKIN.

m. Following the receipt of this $1,000,000, neither RACHEL SOROTZKIN nor MORDECHAI SOROTZKIN notified NJ FamilyCare of the significant increase in family income, and the family continued using their Medicaid benefits.

n. For example, during the month of May 2013 alone, MORDECHAI SOROTZKIN, RACHEL SOROTZKIN, and their minor children received medical services which were billed to the NJ FamilyCare program, and resulted in payments of Medicaid funds totaling approximately $1,486.

o. On or about September 1, 2013, RACHEL SOROTZKIN received another large check from LLC 1 in the amount of $500,000. On or about September 3, 2013, MORDECHAI SOROTZKIN deposited the $500,000 check, endorsed by RACHEL

SOROTZKIN, into their joint bank account.  MORDECHAI SOROTZKIN signed the deposit slip at the time of deposit to obtain approximately $2,500 in cash.

p.  Following the receipt of this $500,000, neither RACHEL SOROTZKIN nor MORDECHAI SOROTZKIN notified NJ FamilyCare of the additional significant increase in family income, and the family continued to use their Medicaid benefits. For example, during the month of September 2013, MORDECHAI SOROTZKIN, RACHEL SOROTZKIN, and their minor children received medical services which were billed to the NJ FamilyCare program, and resulted in payments of Medicaid funds totaling approximately $1,489.

q.  In November 2013, RACHEL SOROTZKIN gave birth to a sixth child at a hospital in Monmouth County, New Jersey.  A review of NJ FamilyCare program records revealed that RACHEL SOROTZKIN used Medicaid benefits to pay for approximately $22,000 in medical expenses associated with the birth of the baby.

11.  A review of the Internal Revenue Service (IRS) individual tax returns for RACHEL SOROTZKIN and MORDECHAI SOROTZKIN reveal that during calendar years 2012 and 2013, RACHEL SOROTZKIN and MORDECHAI SOROTZKIN received in excess of $1 million dollars annually, and therefore neither they, nor their minor children, would have qualified for any of the Medicaid benefits they received.

12.  A detailed review of NJ FamilyCare program records reveals that from January 2012 to June 2014, RACHEL SOROTZKIN and MORDECHAI SOROTZKIN used Medicaid funds they were not entitled to receive, to pay for medical expenses either personally incurred by them, or incurred by their minor children, in excess of approximately $96,000.